### G. H. & S. A. R'Y CO. v. SCHRADER.

(No. 1979, Op. Book No. 2, p. 419.)

APPEAL from Guadalupe County. Opinion by QUINAN, J.

§ **1147.** *Damages in suit against railroad for killing stock; market value; proof of.* Appellee sued the railroad company for the value of six calves killed by its engine and cars. The only proof of value was the testimony of the plaintiff Schrader, as follows: "My calves were in fine condition; took nearly all the milk from the cows; were half-breed, the produce of a Durham bull, and showed the Durham stock, and were worth to me $25 per head. I had not sold any calves. The calves were worth as much in October or September as they would be worth in the following spring. I had paid $25 for a half-breed yearling." *Held*, this testimony is not sufficient to sustain the verdict. (The verdict was for plaintiff for $125.) Article 4245 of the Revised Statutes declares that the railroad company shall be liable to the owner for the value of all stock killed or injured by the locomotives and cars of the company. The value is the fixed measure of damages, and this value, as a general rule, is to be ascertained by testimony of the price at which such things are bought and sold. If there is a

market for calves, the market price is the measure of value. If there is no market at the place, evidence may be admitted of the price at the nearest market, but what the value of the calves to the plaintiff was, certainly was not a proper rule to determine it by. "Men sometimes put fantastical prices upon their property." Nor was the price Schrader paid for a half-breed yearling any fair criterion of the market value of calves. A single transaction does not make a market. It must appear that similar things have been bought and sold in the way of trade often enough to show a market value. [1 Sedgw. Dam. 588.] Where there is no market for an article, other means may be resorted to for the purpose of fixing the value. The intrinsic qualities of the thing, its uses, and any facts which would naturally affect the mind of parties buying or selling, in determining the price to be asked or given, are relevant to the question of value. [Abbott's Tr. Ev. 307; R. R. Co. v. Davis, *ante*, p. 53.] But how Schrader might appreciate his calves, or what he might consider them worth to him, or what another, not knowing the market price, might estimate to be their worth, was no criterion of their value.

§ 1148. *Charge of the court; damages; when incorrect, is asked.* Where a question of damages is involved, the court should instruct the jury as to the proper measure or rule by which to estimate such damages, and it is error to merely direct the jury to find such amount of damages as they may think the party entitled to under the proof. When an incorrect charge is asked, the court is not bound to correct or modify it, but may properly refuse it, although portions of it may be correct.

May 18, 1881. Reversed and remanded.